OPINION. Ofpee, Judge: The record makes it clear that for a considerable period extending over the year in issue and several others (cf. Coburn v. Commissioner (C. C. A., 2d Cir.), 138 Fed. (2d) 763) petitioner had a place of business in New York City. He resided in Middleport, at the other end of the state. As this case was presented, it was thought that the decision by the Supreme Court in the Flowers case[1] would be controlling on the issue of what constitutes “home.”[2] Although the Supreme Court’s decision did not dispose of that point, it is, however, equally pertinent, for under it petitioner can not be allowed the contested deductions unless the payments were made “in pursuit of [his] business.” A careful scrutiny of petitioner’s testimony reveals no specific evidence of any professional activity in the Lockport-Middleport vicinity during the period in question. Testimony relating to the use of his name in connection with the law practice,[3] and even the assumption that the office represented “Lockport clients,” is not inconsistent with the conclusion that all of petitioner’s business was conducted from his New York City headquarters. It is not aided by the absence of evidence that any of petitioner’s 1941 income was from the Lockport practice. Petitioner gave detailed accounts of his professional activities away from Lockport, but did not cite a single instance of legal work performed by him there during the instant year. The inference is at least as readily drawn that petitioner returned to his family and place of residence in Middleport whenever his professional activity permitted as that he went to Middleport or Lockport for business reasons or engaged in business activities there. This leads only to the conclusion that his visits to Middleport were occasioned by his purely personal desires and hence that neither his traveling expenses there and back nor his living expenses at the site of his actual law office were deductible. Mort L. Bixler, 5 B. T. A. 1181. The burden of proof was on petitioner, and his failure to dispel unfavorable inferences must fall upon Mm. The traveling expenses and costs of board and lodging were properly disallowed. On the second issue, before petitioner surrendered the bonds for which he now claims a deduction, they were not totally, but partially, worthless. The statute in its present form allows no claim on this ground for such securities as these bonds.[4] Petitioner’s surrender of the bonds to the debtor was purely voluntary. The gratuitous forgiveness of a debt furnishes no ground for a claim of worthlessness. See Uhl Estate Co., 40 B. T. A. 1223; affd. (C. C. A., 9th Cir.), 116 Fed. (2d) 403; American Felt Co., 18 B. T. A. 504; affd. (App. D. C.), 58 Fed. (2d) 530. Even if it be assumed that the purpose of the surrender was to enhance the value of petitioner’s remaining bonds, what he did was to make a capital investment of which the law takes cognizance when the transaction is finally closed by the disposition of Ms remaining interest. Franklin Q. Brown, 9 B. T. A. 965; see Helvering v. American Dental Co., 318 U. S. 322. On no tenable theory may the loss in question be allowed for the present year. Reviewed by the Court. Decision will be entered for the respondent. Commissioner v. Flowers, 326 U. S. 465. Internal Revenue Code, sec. 23 (a) (1) (A) : “(a) Expenses.— “(1) Trade or Business Expense.— “(A) In general. — All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (Including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.” A somewhat similar arrangement during an earlier period was said by petitioner to he no more than for the purpose of keeping his name on a shingle. Internal Revenue Code, section 23 (k) : “(k) Bad Debts.— “(1) * * * when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction. This paragraph shall not apply in the case of a taxpayer * * * with respect, to a debt evidenced by a security as defined in paragraph (3) of this subsection. ***** $ * “(3) * * * the term ‘securities’ means bonds, debentures, notes, or certificates, or other evidences of indebtedness, issued by any corporation * * * with interest coupons or in registered form.’'